IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEWAYNE T. LEWIS, )    | | |
|    Plaintiff, )    | Civil Action No. 7:22-cv-00023 | |
| )    | | |
| v. )    | | |
| )    | By: Joel C. Hoppe | |
| L. DAVIS, *et al.*, )    | United States Magistrate Judge | |
|    Defendants. )    | | |

**ORDER**

    Dewayne T. Lewis, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, claiming that he was denied medical treatment after being stabbed by another inmate at River North Correctional Center ("RNCC") on August 29, 2021. In particular, Lewis alleges that the "RNCC night shift medical staff" failed to provide "prompt and adequate medical attention" following the incident and that he was rushed to the hospital eight hours later with a collapsed lung. (Dkt. No. 1 at 4.) The complaint names as defendants Nurse L. Davis, John Doe, and Jane Doe. Pending before the court are Lewis's motions for discovery (Dkt. Nos. 3 and 17), in which he requests copies of institutional medical records and medical staff reports related to the stabbing incident. Lewis contends that he needs the requested documents in order to identify the unknown defendants. (*See* Dkt. Nos. 17 and 21.)

    The court construes Lewis's motions as motions for leave to conduct early discovery to identify the unknown defendants. Under the circumstances presented, the court finds good cause to grant the motions. *See Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978) (explaining that when a *pro se* litigant "has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct

or permit amendment of the pleadings to bring that person or persons before the court"). The court will require Nurse Davis to respond to Lewis's requests for institutional medical records and reports related to the altercation that occurred on August 29, 2021. Additionally, the court will extend the time for Lewis to identify the unknown defendants.

For these reasons, it is hereby **ORDERED** as follows:

1. Lewis's motions for leave to conduct early discovery to identify unknown defendants (Dkt. Nos. 3 and 17) are **GRANTED**;

2. Nurse Davis shall respond to Lewis's requests for institutional medical records and reports related to the incident in question within twenty (20) days of the date of entry of this order;

3. Lewis shall have thirty (30) days from the date of entry of this order to provide sufficient additional information to identify the unknown defendants; and

4. To the extent Lewis requests that the medical records and reports be provided to individuals other than himself, the request is **DENIED**.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

ENTER: May 23, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge