IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEWAYNE T. LEWIS, ) | |
|     Plaintiff, ) | Civil Action No. 7:22-cv-00023 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| L. DAVIS, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## ORDER

Plaintiff Dewayne T. Lewis, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, claiming that he was denied medical treatment at River North Correctional Center ("RNCC") after being stabbed by another inmate. Lewis is now incarcerated at Wallens Ridge State Prison ("WRSP"). He has filed a motion for preliminary injunction, ECF No. 26, which is presently before the court. For the following reasons, the motion is **DENIED**.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." Omega World Travel v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). "This requires a sufficient

nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." Pac. Radiation Oncology, 810 F.3d at 636 (citing Devose, 42 F.3d at 471).

Lewis's motion does not satisfy the requirements for issuance of a preliminary injunction. Among other deficiencies, the motion does not seek to prevent harm caused by the wrong claimed in the underlying action. Instead, the motion is based on interactions that Lewis allegedly had with a correctional officer at WRSP after he was transferred from RNCC. In particular, Lewis alleges that Officer Johnson threatened him on March 24, 2022, that he reported the threatening behavior, and that other officials at WRSP have not taken his complaint seriously. Because the new allegations of misconduct are entirely different from the claim asserted in the complaint and involve officials who are not named as defendants, the allegations cannot provide the basis for a preliminary injunction in this action. See Devose, 42 F.3d at 471 (affirming the denial of a motion for preliminary injunction that "raised issues entirely different from those presented in [the plaintiff's] complaint").

For these reasons, it is hereby **ORDERED** that Lewis's motion for preliminary injunction, ECF No. 26, is **DENIED**. The Clerk is directed to send a copy of this order to Lewis.

It is so **ORDERED**.

Entered: June 3, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.06.03 13:11:18 -04'00'

Michael F. Urbanski
Chief United States District Judge