IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DEWAYNE T. LEWIS,**<br>    Plaintiff, | )<br>)<br>)    Case No. 7:22-cv-00023<br>) |
| v. | )<br>) |
| **L. DAVIS, et al.,**<br>    Defendants. | )    By: Michael F. Urbanski<br>)    Chief United States District Judge<br>)<br>) |

## MEMORANDUM OPINION

DeWayne T. Lewis, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, claiming that he received inadequate medical treatment after being stabbed by another inmate at River North Correctional Center ("RNCC"). The case is presently before the court on a motion to dismiss filed by Lindsay B. Davis, RN. ECF No. 18. For the reasons set forth below, the motion to dismiss is **GRANTED**.

### I.    Factual Background

The following summary of the facts is taken from the complaint and its accompanying exhibits. The facts are presented in the light most favorable to Lewis. See McCaffrey v. Chapman, 921 F.3d 159, 163-64 (4th Cir. 2019) ("In considering a motion to dismiss under Rule 12(b)(6), a court 'accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . .'") (quoting Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009)).

On the evening of August 29, 2021, Lewis engaged in a physical alteration with another inmate at RNCC. Compl., ECF No. 1, at 3–4. During the altercation, the other inmate stabbed Lewis multiple times with a sharp metal object. Id. at 4. Immediately following the incident,

Lewis was "placed in the RNCC Restrictive Housing Unit (Segregation) without first receiving proper medical attention even though [he] was bleeding profusely from various stab wounds." Id. "After demanding immediate medical help from various RNCC staff to no avail, [Lewis] fell asleep for numerous hours only to awake with extreme and severe chest pains and difficulty . . . breathing due to [his] lung collapsing." Id. Approximately eight hours later, Lewis was transported to a hospital in Richmond to receive "proper treatment" for his injuries. Id.

On October 11, 2021, Lewis submitted an informal complaint alleging that an unidentified "male nurse" failed to properly examine his wounds before he was "put into segregation with a collapsed lung and another injury close to [his] heart." Compl. Ex., ECF No. 1-1, at 5. The informal complaint was forwarded to the medical department for a response. Id. Nurse Davis responded to the informal complaint on October 22, 2021. Id.

## II.     Procedural History

On January 20, 2022, Lewis filed this action under 42 U.S.C. § 1983, claiming that the defendants violated the Eighth Amendment by "failing to provide proper medical assistance immediately after [Lewis] was stabbed." Id. at 5. In addition to naming Nurse Davis as a defendant, Lewis named the unknown male nurse as a John Doe defendant. After conducting early discovery, Lewis identified the male nurse as Nicholas Melius. Lewis has since been granted leave to amend the complaint to add Nurse Melius in place of the John Doe defendant. See ECF No. 42.

Nurse Davis has moved to dismiss the claim against her under Federal Rule of Civil Procedure 12(b)(6). ECF No. 18. Lewis has responded to the motion, ECF No. 23, and it is ripe for disposition.

### III.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (alteration in original) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555, 557).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). ). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### IV.  Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff 'must allege

3

the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017). In other words, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Having reviewed the complaint in accordance with applicable law, the court concludes that it fails to state a plausible claim for relief against Nurse Davis. Lewis does not allege that Nurse Davis examined him after he was stabbed on August 29, 2021, or that she was otherwise personally involved in the alleged failure to adequately treat his injuries. Instead, the complaint indicates that Nurse Davis's only involvement in the matter was responding to the informal complaint that Lewis submitted after he had been hospitalized and treated. See Compl. Ex., ECF No. 1-1 at 5; see also Pl.'s Resp. Mot. Dismiss, ECF No. 23, at 2 (emphasizing that Nurse Davis responded to the informal complaint). The fact that Nurse Davis responded to Lewis's informal complaint, however, is insufficient to establish that she was personally involved in the alleged denial of medical treatment. See, e.g., George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (explaining that "[o]nly persons who cause or participate in the violations are responsible" and that a prison official who merely "rejects an administrative complaint about a completed act of misconduct [is] not"); Rogers v. United States, 696 F. Supp. 3d 472, 488 (W.D. Pa. 2010) ("If a [prison] official's only involvement is investigating and/or ruling on an

4

inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official."). Because the complaint does not contain factual content that allows the court to draw the reasonable inference that Nurse Davis is liable for the misconduct alleged, the claim against Nurse Davis is subject to dismissal under Rule 12(b)(6). Iqbal, 556 U.S. at 678.

## V. Conclusion

For the reasons set forth herein, the motion to dismiss filed by Nurse Davis, ECF No. 18, is **GRANTED**. The case will proceed solely on Lewis's claim against Nurse Nicholas Melius.

An appropriate order will be entered.

Entered: November 4, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.11.04 10:45:52 -04'00'

Michael F. Urbanski
Chief United States District Judge