IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEWAYNE T. LEWIS,        ) | |
|     Plaintiff,       ) | Case No. 7:22-cv-00023 |
|             ) | |
| v.        ) | |
|             ) | By: Michael F. Urbanski |
| NURSE NICHOLAS MELIUS,        ) | Chief United States District Judge |
|     Defendant.        ) | |

## MEMORANDUM OPINION

DeWayne T. Lewis, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that Nurse Nicholas Melius acted with deliberate indifference to his serious medical needs. The case is presently before the court on Melius's motion to dismiss, ECF No. 63, and Lewis's motion for summary judgment, ECF No. 70. For the reasons set forth below, the motion to dismiss is **DENIED** and the motion for summary judgment is **DENIED** without prejudice to refiling.

## Background

The following summary of the facts is taken from the complaint, the supplemental complaint, and accompanying exhibits. For purposes of the motion to dismiss, the facts are presented in the light most favorable to Lewis. See Washington v. Hous. Auth. of the City of Columbia, 58 F.4th 170, 177 (4th Cir. 2023) (noting that a court reviewing a motion to dismiss must "accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff").

On August 29, 2021, at approximately 7:30 p.m., Lewis engaged in a physical altercation with another inmate at River North Correctional Center ("RNCC"). Compl., ECF No. 1, at

¶ 5. During the altercation, the other inmate stabbed Lewis multiple times with a sharp metal object. Id. As a result, Lewis sustained "deep puncture wounds to the left side of [his] chest." Supp'l Compl., ECF No. 53, at ¶ 6.

Melius, a licensed practical nurse at RNCC, responded to the incident and observed Lewis's stab wounds. Id. ¶ 2; see also Supp'l Compl. Ex. 7, ECF No. 53-1, at 8.[1] Lewis alleges that even though the wounds were "bleeding profusely," he was "taken to and placed in the RNCC Restrictive Housing Unit (segregation) without first receiving proper medical attention." Supp'l Compl. ¶ 6; see also Compl. ¶ 7 (alleging that Lewis demanded "immediate medical help . . . to no avail"). After passing out for a few hours, Lewis awoke with persistent bleeding, severe chest pain, and difficulty breathing. Supp'l Compl. ¶ 3; see also id. ¶ 6 (alleging that he "pass[ed] out from the shortness of breath and deep puncture wounds to the left side of [his] chest"). At that point, Melius contacted a physician on call and arrangements were made to transport Lewis to the emergency room at a local hospital. Supp'l Compl. Ex. 7, ECF No. 53-1, at 8.

---

[1] Exhibit 7 to the supplemental complaint includes a Virginia Department of Corrections Health Services Complaint and Treatment Form that contains handwritten notes initialed by Melius on August 29, 2021. See ECF No. 53-1 at 8; see also Def.'s Br. Supp. Mot. Dismiss, ECF No. 64, at 5 (asserting that Exhibit 7 "details the initial medical treatment Nurse Melius provided to the plaintiff on August 29, 2021"). The notes are partially illegible and possibly contain "self-serving, exculpatory statements that are unlikely to have been adopted by the plaintiff." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 168 (4th Cir. 2016). Because the court must accept the plaintiff's factual allegations as true when ruling on a motion to dismiss, the court will not consider any notes written by Melius that conflict with Lewis's factual allegations. See id. ("Treating the contents of . . . a document [prepared by the defendant] as true simply because it was attached to or relied upon in the complaint, even though the plaintiff relied on it for purposes other than truthfulness, would be contrary to the concept of notice pleading and would enable parties to hide behind untested, self-serving assertions.") (internal quotation marks and citation omitted); see also Smith v. Town of S. Hill, 611 F. Supp. 3d 148, 163 n.8 (E.D. Va. 2020) (noting, in ruling on a motion to dismiss, that the court would only assume the truth of those allegations in a referenced police report that aligned with the plaintiff's factual allegations).

Hospital records indicate that Lewis underwent a chest x-ray at 1:27 a.m. on August 30, 2021. Supp'l Compl. Ex. 1, ECF No. 53-1, at 1. After reviewing the x-ray, the examining physician determined that Lewis needed to be transferred to a trauma center for additional treatment. Supp'l Compl. Ex. 4, ECF No. 53-1, at 4. The physician noted as follows:

> Patient presents from correctional facility where he is incarcerated. Stabbed 3 times about 6-7 hours prior to arrival. Vital signs are stable but he is slightly tachypneic and complaining of short of breath. Chest imaging shows the left lung to be hazy but I do not see a pneumothorax. I reviewed this imaging myself. CT scan shows a moderate to large size he hemothorax[2] on the left side. Do not see a pneumothorax. Since patient's vital signs are stable and incident occurred 6 hours ago that he needs an emergent chest tube placement. Will transfer to Trauma Center for definitive care.

Id. (quoted as written). Lewis alleges that he was ultimately transferred to Carilion Roanoke Memorial Hospital for further treatment. Supp'l Am. Compl. ¶ 4.

Based on the foregoing, Lewis filed suit against Melius under 42 U.S.C. § 1983. Lewis claims that Melius violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide prompt and adequate medical care for his stab wounds. Id. at ¶¶ 7–11. He alleges that his injuries were "so obvious that even a lay person would [have] easily recognized the necessity for a doctor's attention" and that Melius nonetheless delayed or denied access to adequate medical treatment. Id. ¶¶ 5, 11.

## Discussion

I.  **Melius's Motion to Dismiss**

   A.  **Standard of Review**

---

[2] "Hemothorax is the collection of blood in the pleural cavity (the space between the chest wall and the lung)." Estate of Amaro v. City of Oakland, 653 F.3d 808, 810 n.3 (9th Cir. 2011).

Melius has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions," "naked assertion[s] devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action will not do." Id. (alteration in original) (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555, 557).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, a pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### B. Eighth Amendment Analysis

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (citing Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016)). A constitutional violation occurs "[w]hen a prison official demonstrates 'deliberate indifference' to an inmate's serious medical needs." Id.

An Eighth Amendment claim of deliberate indifference has two components. Jackson, 775 F.3d at 178. "The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry." Heyer v. United States Bureau of Prisons, 849 F.3d 202, 209–10 (4th Cir. 2017). "The objective component of a deliberate indifference claim is satisfied by a serious medical condition." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019). A serious medical condition is one that is "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks and citation omitted). Here, Melius does not challenge whether Lewis's injuries were objectively serious. Instead, Melius argues that the factual allegations are insufficient to establish that he acted with deliberate indifference to Lewis's medical needs.

Deliberate indifference is "a higher standard for culpability than mere negligence or even civil recklessness." Jackson, 775 F.3d at 178. "In the context of a claim related to the denial of medical treatment or a delay in providing such treatment, 'a defendant acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and related risks, but nevertheless disregarded them.'" Griffin v. Mortier, 837 F. App'x 166, 170 (4th Cir. 2020) (quoting Gordon, 937 F.3d at 357). A plaintiff can satisfy the subjective knowledge requirement through direct evidence of a defendant's actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence that the defendant knew of a substantial risk from the very fact that the risk was obvious. Gordon, 937 F.3d at 357.

"The necessary showing of deliberate indifference can be manifested by prison officials in responding to a prisoner's medical needs in various ways, including intentionally denying or delaying medical care, or intentionally interfering with prescribed medical care." Formica v. Aylor, 739 F. App'x 745, 754 (4th Cir. 2018) (emphasis omitted) (citing Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). When a claim of deliberate indifference is predicated on a delay in medical care, the United States Court of Appeals for the Fourth Circuit has "ruled that there is no Eighth Amendment violation unless 'the delay results in some substantial harm to the [plaintiff,]' such as a 'marked' exacerbation of the [plaintiff's] medical condition or 'frequent complaints of severe pain.'" Id. (emphasis omitted) (quoting Webb v. Hamidullah, 281 F. App'x 159, 166–67 (4th Cir. 2008)); see also Sharpe v. S.C. Dep't of Corr., 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

Applying these standards, the court concludes that Lewis has plausibly alleged that Melius acted with deliberate indifference to his serious medical needs. As indicated above, Lewis alleges that he sustained deep puncture wounds to the left side of his chest as a result of being stabbed with a sharp metal object. He further alleges that he was bleeding profusely from the stab wounds and that Melius personally observed his injuries. Nonetheless, according to Lewis's pleadings, Melius did not provide or obtain prompt and adequate medical treatment. Instead, Lewis was immediately taken to the Restrictive Housing Unit, where he remained for over three hours before a physician was informed of his injuries. During that time, Lewis's puncture wounds continued to bleed, he experienced shortness of breath and severe chest pain, and he eventually passed out. By the time that Lewis arrived at the emergency room,

nearly six hours had passed since the stabbing, and he required an "emergent chest tube placement." Supp'l Compl. Ex. 4, ECF No. 53-1, at 4.

At this stage of the proceedings, Lewis's pleadings and the attached exhibits, when viewed in his favor, allow the court to reasonably infer that Melius was personally involved in the delay or denial of adequate medical treatment for Lewis's stab wounds and that the delay exacerbated his injuries or unnecessarily prolonged his suffering. Accordingly, the court concludes that Lewis has stated a plausible claim for deliberate indifference against Melius. See, e.g., Reed v. Dunham, 893 F.2d 285, 287 (10th Cir. 1990) (reversing the dismissal of a similar claim of deliberate indifference and noting that the plaintiff's "credible allegation of an as yet inadequately explained delay of nearly two hours in the provision of full medical treatment for apparently serious stab wounds is clearly not frivolous"); Hiller v. Sogo, No. 2:20-cv-4445, 2022 WL 2541351, at *4 (E.D. Pa. July 7, 2022) (concluding that an inmate stated a claim for deliberate indifference against a nurse who, after dressing the inmate's stab wound, "left [him] in a holding cell with minimal medical supervision for over four hours," during which the inmate vomited and fainted). Therefore, Melius's motion to dismiss will be denied.

## II. Lewis's Motion for Summary Judgment

In response to the motion to dismiss, Lewis filed a motion for summary judgment. ECF No. 70. Melius has opposed the motion, in part, on the basis that the motion does not comply with Rule 56 of the Federal Rules of Civil Procedure or Local Civil Rule 56. ECF No. 72. For the following reasons, the court agrees that the motion is procedurally deficient.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To establish that a fact is undisputed, the movant must "cit[e] to particular parts of materials in the record," including documents, affidavits, declarations, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Additionally, under this court's Local Civil Rule 56, a motion for summary judgment "must contain a separately captioned section setting forth with specificity the material facts claimed to be undisputed together with specific record citations in support thereof." W.D. Va. Local Civ. R. 56. The purpose of this rule is to "ensure that a party filing for summary judgment provides notice of the purportedly undisputed material facts, so that both the court and the opposing party can gauge whether summary judgment is appropriate." Dixon Lumber Co. v. Austinville Limestone Co., 256 F. Supp. 3d 658, 666 (W.D. Va. 2017).

Lewis's motion does not comply with the foregoing procedural requirements. Although the motion summarizes Lewis's version of the events, "it does not contain a statement of undisputed facts with specific record citations, as required by the local rules." Riddick v. Kiser, No. 7:21-cv-00178, 2023 WL 2586137, at *6 (W.D. Va. Mar. 21, 2023). Nor does it cite to "particular parts of materials in the record" to support each factual assertion. Fed. R. Civ. P. 56(c)(1)(A); see also Hobbs v. St. Martin, 320 F. Supp. 3d 748, 752 (D. Md. 2018) (explaining that "each party must support its assertions [on summary judgment] by citing specific evidence from the record") (citing Fed. R. Civ. P. 56(c)(1)(A)). Given these procedural deficiencies, the court finds it appropriate to deny Lewis's motion without prejudice to refiling. Any renewed motion for summary judgment must be accompanied by a statement of undisputed facts in

8

accordance with Local Civil Rule 56, and it must cite to "particular parts of materials in the record" to support each factual assertion.[3] Fed. R. Civ. P. 56(c)(1)(A).

## Conclusion

For the reasons set forth herein, Melius's motion to dismiss, ECF No. 63, is **DENIED**, and Lewis's motion for summary judgment, ECF No. 70, is **DENIED** without prejudice to refiling. An appropriate order will be entered.

Entered: August 11, 2023

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2023.08.11 18:09:42 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

[3] Lewis is advised that such materials may include documents, affidavits, declarations, or verified pleadings. Fed. R. Civ. P. 56(a)(1)(A); see also Fed. R. Civ. P. 56(c)(4) (setting forth the requirements for affidavits or declarations); Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021) (explaining that a verified complaint is the equivalent of an affidavit for purposes of summary judgment, when the allegations contained in the pleading are based on personal knowledge).