CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

February 24, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEWAYNE T. LEWIS,** ) | |
| Plaintiff, ) | Case No. 7:22-cv-00023 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **NURSE NICHOLAS MELIUS,** ) | Senior United States District Judge |
| Defendant. ) | |

## ORDER

DeWayne T. Lewis, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. Lewis claims that the remaining defendant, Nurse Nicholas Melius, acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The matter is before the court on Lewis's motion to dismiss Melius's second motion for summary judgment. ECF No. 111. For the reasons set forth below, the motion to dismiss is **DENIED**.

Melius initially moved for summary judgment on the ground that Lewis failed to exhaust his administrative remedies prior to filing suit. ECF No. 91. By order entered June 7, 2024, the court denied the motion for summary judgment and gave Melius 30 days to file a second motion for summary judgment addressing the merits of Lewis's Eighth Amendment claim. ECF No. 106. Melius subsequently requested and received an extension of time to file a second motion. ECF No. 110.

Before the deadline for filing a second motion expired, Lewis filed the pending motion to dismiss any additional motion for summary judgment filed by Melius. In the motion, Lewis

asserts that "the 'merits' are irrelevant" and that Melius properly limited his initial motion for summary judgment to an issue of "procedural law." ECF No. 111 at 2.

To the extent that Lewis seeks to preclude Melius from moving for summary judgment on the merits of his Eighth Amendment claim, the motion must be denied. Under the Prison Litigation Reform Act (PLRA), "exhaustion is a precondition for bringing suit under § 1983." Small v. Camden Cnty., 728 F.3d 265, 269 (3d Cir. 2013) (citing 42 U.S.C. § 1997e(a)). "As such, . . . exhaustion is a 'threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time.'" Id. (emphasis omitted) (quoting Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010)); see also Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't, 476 F. App'x 364, 365 (11th Cir. 2012) ("We have called the question of exhaustion under the PLRA a 'threshold matter' that we address before considering the merits of the case.") (quoting Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004)). Because exhaustion is considered a threshold issue, it is not uncommon for proceedings on the merits of a claim to be deferred until the issue of exhaustion is decided. See, e.g., Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) (noting that it is often appropriate for "discovery with respect to the merits [to] be deferred until the issue of exhaustion is resolved").

For these reasons, the court did not err in permitting Melius to file a second motion for summary judgment and the court will not preclude Melius from seeking summary judgment on the merits of Lewis's Eighth Amendment claim. Accordingly, Lewis's motion to dismiss the second motion for summary judgment, ECF No. 111, is **DENIED**.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: February 24, 2025

Michael F. Urbanski
U.S. District Judge
2025.02.24 17:44:40
-05'00'

Michael F. Urbanski
Senior United States District Judge

3